# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:23-cv-00427-MR

| | |
|---|---|
| **LATOSHA DENISE GASKINS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| **C. STEGALL, et al.,** ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's pro se "Notice of Constitutional Challenges of Statutes Certification and Intervention in Case# 23CR700373 and 23CR204959" that was docketed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. [Doc. 1].

The pro se Petitioner filed the instant action addressing two cases that appear to be pending in Gaston County district court. She names as "Defendants" the City of Gastonia Police Department, Officer C. Stegall, and Chief Trent Conrad. She seeks "certification and intervention" in her pending Gaston County cases pursuant to Rule 5.1(a) of the Federal Rules of Civil Procedure, so that she can challenge the constitutionality of N.C. Gen. Stat. §§ 20-138.7 (Transporting an open container of alcoholic beverage) and 20-16.5 (Immediate civil license revocation for certain persons charged with

implied-consent offenses.).[1] [Doc. 1 at 1-2]. She claims that "the officers in question" violated her Fourth Amendment rights on January 7, 2023, such that the evidence they obtained is inadmissible. [Id. at 2]. The Petitioner "reserves all remedies and recourse" including "holding all parties PERSONALLY LIABLE for deprivation of rights, extortion, coercion, kidnapping, false imprisonment, racketeering, conspiracy etc. pursuant to Title 42 U.S.C. Section 1983, 1985 & 1988 and the applicable Uniform Commercial Code." [Id. at 3].

The Petitioner's Petition is not on the required form[2] and states no intelligible claim for relief. The Petitioner shall have thirty (30) days in which to file a superseding verified Amended § 2241 Petition in accordance with this Order. Although the Petitioner is appearing pro se, she is required to comply with all applicable rules including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). The Amended §

---

[1] Rule 5.1 requires the party questioning the constitutionality of a statute to promptly "file a notice of constitution question stating the question and identifying the paper that raises it…." Fed. R. Civ. P. 5.1(a)(1). Petitioner has failed to explain why she is questioning the validity of these provisions.

[2] Blank forms are available on the Court's website, https://www.ncwd.uscourts.gov/.

2

Case 3:23-cv-00427-MR   Document 3   Filed 08/15/23   Page 2 of 3

2241 Petition will supersede and replace the original § 2241 Petition so that any claims not included in the Amended Petition will be waived. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). The Amended § 2241 Petition will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f), (h); Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back). Failure to comply with this Order will result in the dismissal of this action and closure of this case without further notice.

**IT IS, THEREFORE, ORDERED** that the Petitioner shall have thirty (30) days in which to file an Amended § 2241 Petition in accordance with this Order. If the Petitioner fails to file an Amend § 2241 Petition within the time limit set by the Court, this action will likely be dismissed and the case will be closed.

**IT IS SO ORDERED.**

Signed: August 14, 2023

Martin Reidinger
Chief United States District Judge