IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00427-MR

| | |
|---|---|
| LATOSHA DENISE GASKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | |
| C. STEGALL, et al., ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| Respondents. ) | |

**THIS MATTER** is before the Court on Petitioner's pro se Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [Doc. 4].

**I.   BACKGROUND**

The pro se Petitioner, who is not in custody, filed the instant action pursuant to 28 U.S.C. § 2241, addressing pending charges of impaired driving and transporting an open container of alcoholic beverage in Gaston County District Court Case Nos. 2023CR204959 and 23CR700373. The original Petition was dismissed as seriously deficient, and the Court granted Petitioner the opportunity to amend. [See Docs. 1, 3]. The Amended § 2241 Petition is now before the Court for review. [Doc. 4].

The Petitioner describes the incident at issue as follows:

On the night of 1/06/2023 I fell asleep in my vehicle listening to music on my private residence, with no intent to drive nor travel from the parking spot directly in front of my apartment unit. No disturbance nor crime was committed.

….

I simply fell asleep in my private conveyance on private property. A neighbor was concerned. I was compliant with the officers that arrived on the scene. The law is to protect and serve. This call was a 'wellness' check per the police report. Once I was awakened the officer, the 'wellness check' was completed.

[Doc. 4-2 at 1; Doc. 4 at 7]. At that point, the Petitioner failed a field sobriety test and was arrested. [See Doc. 4-2 at 3 (Detention of Impaired Driver Order)].[1]

Construing the Amended Petition liberally, the Petitioner appears to argue that she was arrested without a warrant or probable cause in violation of the Fourth Amendment, and therefore the resulting evidence is fruit of the poisonous tree; that applying the North Carolina criminal statutes to her violates due process;[2] that her conduct is not criminal under the North

---

[1] The Order states: "DEFENDANT WAS PASSED OUT BEHIND THE WHEEL WITH ENGINE RUNNING, EXHIBITED UNSATISFACTORY PERFORMANCE ON SFST'S, HAS NO CUSTODIAN IMMEDIATELY AVAILABLE TO PROVIDE SUPERVISION AND TRANSPORTATION." [Doc. 4-2 at 3]. A handwritten note by the Petitioner states: "I was at home I did not need any supervision or transportation, [officer] allowed me to go inside my home to use bathroom before she arrested me." [Id.].

[2] The Petitioner cites "Article 5, Section 1 of the Constitution," but quotes the Fourteenth Amendment. [Doc. 4 at 6].

Carolina or United States Constitutions; that her arrest violates the Fifth and Sixth Amendments; and that the North Carolina District Court lacks jurisdiction over the criminal charges. [Doc. 4 at 6-7; Doc. 4-2 at 1].

The Petitioner admits that she did not exhaust these grounds before filing the instant action as follows:

> This case is still pending. However, I filed a grievance with the NC State Bar on the DA assigned to pretrial (Joshua Warner) file #23G0982 for Prosecutorial Misconduct for requesting the judge to revoke my bail & jail me with a higher bond due to the witness who called on the night of 1/07/23 being 'afraid' and 'feeling threatened' when he was unable to prove that I committed such an act. 1) DA failed to disclose exculpatory evidence 2) using improper arguments to have me jailed. (Apparently to retaliate). The judge did not support his recommendation. This was after the DA was informed of 5.1 constitutional challenge.

[Doc. 1 at 7]. The criminal cases are "currently scheduled to be presented before the court on November 9, 2023 at the Gaston County District Court." [Id.]. The Petitioner asks this Court to dismiss the criminal charges because "no crime was committed." [Id.].

## II. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254). Pro

se pleadings are construed liberally. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers). After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

As a preliminary matter, all of the Petitioner's claims are vague, conclusory, and lacking in factual support.

The Petitioner's claims are also unexhausted on the face of the Petition. A federal habeas petitioner who is "in custody pursuant to the judgment of a State court," may seek relief pursuant to Title 28, Section 2254(a). A pretrial detainee, however, is not "in custody" pursuant to a state court judgment a relief under § 2254 is not available. See Dickerson v. Louisiana, 816 F.2d 220 (5th Cir. 1987). A pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), but only after fully exhausting the available state remedies. See 28 U.S.C. § 2241(c)(3); Thomas v. Crosby, 371 F.3d 782, 786 (11th Cir. 2004). Although § 2241

4

contains no express reference to exhaustion of state remedies, as does § 2254, exhaustion is required prior to filing a § 2241 petition. See, e.g., Braden v. 30th Jud. Cir., 410 U.S. 484, 490-91 (1973); Moore v. DeYoung, 515 F.2d 437, 442-43 (3d Cir. 1975). To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state courts such that the courts have the fair "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971); see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (in order to properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

Here, the Petitioner admits that she did not exhaust her claims in the North Carolina courts; that she has only filed a Bar complaint against the prosecutor; and that she has a criminal court date on November 9. Her reliance on having filed a Bar complaint is unavailing; she is required to exhaust her remedies in the North Carolina courts. Picard, 404 U.S. at 275-77. As such, the Petitioner failed to exhaust her state remedies before filing this action, and the Petition is dismissed without prejudice.

Even if the Petitioner had exhausted her claims, § 2241 relief appears to be precluded by abstention principles. While federal courts have the

jurisdiction to grant federal habeas relief in advance of trial, Younger v. Harris, 401 U.S. 37 (1971), "serves as an exception to the traditional rule that federal courts should exercise jurisdiction conferred on them by statute." Martin Marietta Corp. v. Md. Comm'n on Human Relations, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). In Younger, the Supreme Court held that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. 401 U.S. at 43-44. Under the abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)); see also Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when Younger abstention is appropriate). The Petitioner has an adequate remedy at law with regard to her criminal prosecution, and she has failed to demonstrate the existence of narrow and extraordinary circumstances that warrant immediate consideration of her claims. Accordingly, the Petitioner's § 2241 claims are barred by Younger abstention.

Moreover, to the extent that the Petitioner seeks the dismissal of her pending criminal charges, such relief is not available by way of § 2241. See Dickerson v. State of Louisiana, 816 F.2d 220, 226 (5th Cir. 1987) ("[A]n attempt to dismiss an indictment or otherwise prevent a prosecution" is not attainable through federal habeas corpus) (quoting Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)).

## IV. CONCLUSION

For the reasons stated herein, the Petitioner's Amended § 2241 Petition is dismissed without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 4] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

The Clerk is respectfully instructed to close this case.

**IT IS SO ORDERED.** Signed: November 6, 2023

Martin Reidinger
Chief United States District Judge